In re Yvonne HUBBARD, Florencio Posadas, Monicha O'Neal, Elias Salazar and Diane Rocha Salazar, Nannette Dawn Beard, Debtors.

Nos. 05–95017, 05–95097, 05–95098, 05–95099, 05–95119.

United States Bankruptcy Court, S.D. Texas, Houston Division.

Nov. 8, 2005.

James B. Heston, The Heston Law Firm PC, Houston, TX, for Debtors.

## ORDER SETTING HEARING ON MOTIONS TO EXTEND TIME TO PROVIDE VERIFICATION OF CREDIT COUNSELING AND REQUIRING UNITED STATES TRUSTEE TO SHOW CAUSE WHY CREDIT COUNSELING HAS BEEN DETERMINED TO BE AVAILABLE IN THE SOUTHERN DISTRICT OF TEXAS

MARVIN ISGUR, Bankruptcy Judge.

Each of the above referenced debtors has filed a motion seeking an extension of time by which the debtor must obtain the credit counseling required by 11 U.S.C. § 109(h). The Court initially considered—and denied—the application filed by Yvonne Hubbard. For the reasons set forth in this Order, the Court *sua sponte* reconsiders its order in the Hubbard case (at docket # 11), sets a hearing on the reconsideration of the Hubbard order, and sets a hearing to consider the applications filed in the Posadas, O'Neal, Salazar and Beard cases.

### Background

On October 17, 2005, most of the provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 became effective. Among those provisions is a requirement contained in § 109(h) that debtors obtain credit counseling. That section provides:

(1) Subject to paragraphs (2) and (3), and notwithstanding any other provision of this section, an individual may not be a debtor under this title unless such individual has, during the 180–day period preceding the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available

credit counseling and assisted such individual in performing a related budget analysis.

(2)(A) Paragraph (1) shall not apply with respect to a debtor who resides in a district for which the United States trustee (or the bankruptcy administrator, if any) determines that the approved nonprofit budget and credit counseling agencies for such district are not reasonably able to provide adequate services to the additional individuals who would otherwise seek credit counseling from such agencies by reason of the requirements of paragraph (1).

(B) The United States trustee (or the bankruptcy administrator, if any) who makes a determination described in subparagraph (A) shall review such determination not later than 1 year after the date of such determination, and not less frequently than annually thereafter. Notwithstanding the preceding sentence, a nonprofit budget and credit counseling agency may be disapproved by the United States trustee (or the bankruptcy administrator, if any) at any time.

(3)(A) Subject to subparagraph (B), the requirements of paragraph (1) shall not apply with respect to a debtor who submits to the court a certification that—

(i) describes exigent circumstances that merit a waiver of the requirements of paragraph (1);

(ii) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the 5–day period beginning on the date on which the debtor made that request; and

(iii) is satisfactory to the court.

(B) With respect to a debtor, an exemption under subparagraph (A) shall cease to apply to that debtor on the date on which the debtor meets the requirements of paragraph (1), but in no case may the exemption apply to that debtor after the date that is 30 days after the debtor files a petition, except that the court, for cause, may order an additional 15 days.

(4) The requirements of paragraph (1) shall not apply with respect to a debtor whom the court determines, after notice and hearing, is unable to complete those requirements because of incapacity, disability, or active military duty in a military combat zone. For the purposes of this paragraph, incapacity means that the debtor is impaired by reason of mental illness or mental deficiency so that he is incapable of realizing and making rational decisions with respect to his financial responsibilities; and "disability" means that the debtor is so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing required under paragraph (1).

11 U.S.C. § 109(h).

■ There are no reported opinions dealing with § 109(h). Consequently, the Court will interpret § 109(h) in accordance with traditional principles. "The plain meaning of legislation should be conclusive, except in the 'rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters.'" *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 242, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989).

The Court sees no ambiguity in the statute. Subparagraph (1) requires the debtor to receive credit counseling, subject to the exceptions in subparagraphs (2) and (3). Subparagraph (4) makes subparagraph (1) inapplicable to certain debtors (i.e., those suffering from incapacity, disability, or ac-

tive military duty in a military combat zone).

### Debtors' Requested Relief

■ The debtors each seek a determination by the Court that exigent circumstances exist under subparagraph (3).[1] However, the Court can only consider granting relief under subparagraph (3) if a certification is filed that:

1. Describes exigent circumstances that merit a waiver of the credit counseling requirement;

2. States that the debtor requested credit counseling services from an approved agency, but was unable to obtain the services during the five-day period beginning on the date on which the debtor made the request; and

3. Is satisfactory to the Court.[2]

11 U.S.C. § 109(h)(3).

The Debtors' motions uniformly fail to meet the certification requirements of 11 U.S.C. § 109(h)(3). The Court declines to read the word "certification" to mean merely that a motion is filed that makes certain allegations. Congress obviously had a meaning that extended beyond the mere filing of a motion. The fact that some of the motions say that they are certifications does not make them so.

Congress has defined what type of document will suffice when a law requires that a matter contain a certification:

Whenever, under any law of the United States ... any matter is required or permitted to be supported, evidenced, established or proved by the sworn dec-

laration, verification, *certificate,* ... [the following form may be used]:

...

(2) If executed within the United States, its territories or commonwealths: "I declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct. Executed on (date)."

28 U.S.C. § 1746.

The applications filed by the debtors do not constitute certifications under the law. Until certifications are filed, the Court will not consider whether the factual allegations made in the applications satisfy the requirements of § 109(h)(3).

### Availability of Credit Counseling

■ The Fifth Circuit has long held that "the caption on a pleading does not constrain the court's treatment of a pleading." *North Alamo Water Supply Corp. v. City of San Juan, Tex.,* 90 F.3d 910, 918 (5th Cir.1996). The relief sought in a pleading " 'should be determined by substance, not a label.' " *Edwards v. City of Houston,* 78 F.3d 983, 995 (5th Cir.1996) (quoting *Bros. Inc. v. W.E. Grace Mfg. Co.,* 320 F.2d 594, 606 (5th Cir.1963)); *see also Armstrong v. Capshaw, Goss & Bowers, LLP,* 404 F.3d 933, 936 (5th Cir.2005). Further, Rule 8(f), made applicable to the present proceeding through Rule 7008, states: "[a]ll pleadings shall be so construed as to do substantial justice." FED. R. CIV. P. 8(f); FED. R. BANKR. P. 7008.

■ In this case, the substance of the debtors' allegations is that credit counseling is not available in the Southern District of Texas. Those allegations more appropri-

---

1. No allegation is made that any of the debtors are incapacitated, disabled or in military service.

2. The Court declines to define what would be satisfactory in all circumstances. In general, however, this Court prefers a certification that provides the Court with details regarding the allegations. A conclusory allegation that the debtor is unable to obtain credit counseling services is less sufficient than an allegation that gives the dates and times of attempts to obtain the services and the reasons (if known) why the attempts were unsuccessful.

ately state a case for relief under § 109(h)(2) rather than under § 109(h)(3). Section 109(h)(2) provides that the credit counseling requirement does not apply to a debtor who resides in a district for which the United States trustee determines that approved agencies "are not reasonably able to provide adequate services to the additional individuals who would otherwise seek credit counseling from such agencies by reason of the requirements of paragraph (1)." Taken as a whole, the debtors allege that credit counseling is not available in this district. If credit counseling is not available, then the United States trustee is required by § 109(h)(2) to make that determination and its concomitant certification.

The Court recognizes that the statute is new and that there is a transition period during which things might not go smoothly. Section 109(h)(2) allows the United States trustee to review a determination with respect to the availability of credit counseling, and requires that such a review occur not less than one time a year.

The Court further recognizes that credit counseling may be available in this District and that these debtors may be mistaken. It is also possible that the United States trustee's initial process of determining whether credit counseling is available may have produced inaccurate results. It is imperative that the Court determine the accurate facts.

Accordingly, the United States trustee shall appear and describe the procedures that have been undertaken by the United States trustee with respect to the United States trustee's certification obligations under the statute.

### Leave to Amend

Each of the debtors is granted leave to file an amended motion that complies with the requirements set forth in this order. Any amendment must include an appropri-ate certification and must detail the efforts undertaken by the debtor to receive credit counseling.

### Emergency Consideration

The Court finds that an emergency exists with respect to these maters. If credit counseling is not reasonably available in the Southern District of Texas, prospective debtors are being denied the opportunity to receive needed credit counseling and—potentially—the opportunity to file bankruptcy cases.

The hearing on all matters addressed in this order will take place on November 15, 2005 at 1:30 p.m.